## UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| Mark A. Shorette and | : | |
| Stacy A. Shorette, aka | : | |
| Stacy A. Dietz, | : | |
| Debtor(s) | : | **BANKRUPTCY NO. 24-10007-pmm** |
| | : | |
| LENDMARK FINANCIAL | : | **Chapter 13** |
| SERVICES, LLC | : | |
| Moving Party | : | |
| vs. | : | |
| | : | **Hearing Date:** |
| Mark A. Shorette and | : | |
| Stacy A. Shorette, aka | : | |
| Stacy A. Dietz, | : | |
| Respondent(s) | : | |

### OBJECTION OF LENDMARK FINANCIAL SERVICES, LLC
### TO CONFIRMATION OF CHAPTER 13 PLAN

LENDMARK FINANCIAL SERVICES, LLC ("Lendmark"), objects to confirmation of Debtor's Chapter 13 Plan and asserts in support of its Objection as follows:

1.      Movant is Lendmark.

2.      Respondents are Mark A. Shorette and Stacy A. Shorette aka Stacy A. Dietz ("Debtor") who filed a Voluntary Petition for Relief under Chapter 13 of the Bankruptcy Code.

3.      On or about February 24, 2023, Debtor, Stacy A. Shorette, fka Stacy A. Dietz ("Stacy") borrowed money from Lendmark (the "Loan").

4.      The Lendmark Loan is secured by a 2010 Aerolite CUB M-185 Camper (the "Vehicle").

5.      The Vehicle has a value of $7850.00

6.      Debtor Stacy is in default under the terms of the Loan by reason of her failure to make the interest and principal payments required under the loan documents.

7.      On February 7, 2024, Lendmark filed a secured proof of claim setting forth pre-petition arrears in the amount of $283.69 and a total debt of $8893.66, of which $7850.00 is secured.

8.      Lendmark is not mentioned in the Bankruptcy.

9.      Lendmark is not mentioned in the Plan

10. Debtor's Plan understates the amount of Lendmark's claim in full.

11. Accordingly, Debtor's Plan is NOT feasible, as it does not fully compensate Lendmark.

12. The Plan is objectionable because it does not address Lendmark, a secured creditor.

13. The Plan is objectionable because it does not propose to pay secured creditor Lendmark anything.

14. The Debtors are required by 11.U.S.C. §1325(a)(1)(c) to commence making payments no later than 30 days after the date of filing in the amount that provides adequate protection directly to Lendmark. Debtor's Plan fails to provide for required adequate protection.

WHEREFORE, the Moving Party, Lendmark Financial Services, LLC, prays that the Court deny confirmation of the Debtor's Plan.

Respectfully submitted,

/s/ Craig H. Fox, Esquire
Fox and Fox Attorneys at Law, PC
By: Craig H. Fox, Esquire
Attorney I.D. #49509
700 E. Main Street, Suite 200
Norristown, PA 19401
Telephone: (610) 275-7990
Facsimile: (610) 275-2866
cfox@foxandfoxlaw.com

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **IN RE:** | : | |
| **Mark A. Shorette and** | : | |
| **Stacy A. Shorette, aka** | : | |
| **Stacy A. Dietz,** | : | |
| **Debtor(s)** | : | **BANKRUPTCY NO. 24-10007-pmm** |
| | : | |
| **LENDMARK FINANCIAL** | : | **Chapter 13** |
| **SERVICES, LLC** | : | |
| **Moving Party** | : | |
| **vs.** | : | |
| | : | **Hearing Date:** |
| **Mark A. Shorette and** | : | |
| **Stacy A. Shorette, aka** | : | |
| **Stacy A. Dietz,** | : | |
| **Respondent(s)** | : | |

## ORDER DENYING CONFIRMATION OF PLAN

AND NOW, this        day of                    , 2024, upon consideration of the Objection to

Chapter 13 Plan by **Lendmark Financial Services, LLC** and any response thereto, it is hereby

ORDERED that Confirmation of Debtor's Chapter 13 Plan is denied.


BY THE COURT: